**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Shannon Harris**<br>        Plaintiff<br><br>    vs.<br><br>**Cedarbrook Plaza, Inc.**<br>**Nassimi Realty**<br>**Christian Dobush**<br>**John Does 1-20**<br>        Defendants | Case No.: 26-cv-4766<br><br>**CIVIL COMPLAINT**<br><br>**Jury Demanded** |

1.      Shannon Harris is an adult individual and resident of the Eastern District of Pennsylvania.

2.      Cedarbrook Plaza, Inc. is a business organization licensed to conduct business in the Commonwealth of Pennsylvania that owns, secures, operates, manages, leases, maintains and/or upkeeps the Cedarbrook Plaza Shopping Center located at 1000 S. Easton Road in Wyncote, Pennsylvania which is within the territory of the Eastern District of Pennsylvania.

3.      Nassimi Realty is a New York business entity licensed to conduct business in the Commonwealth of Pennsylvania that owns, secures, operates, manages, leases, maintains and/or upkeeps the Cedarbrook Plaza Shopping Center located at 1000 S. Easton Road in Wyncote, Pennsylvania which is within the territory of the Eastern District of Pennsylvania.[1]

4.      John Doe 1-2 are unknown business entity that owns, secures, operates, manages, leases, maintains and/or upkeeps the Cedarbrook Plaza Shopping Center located at 1000 S. Easton Road in Wyncote, Pennsylvania which is within the territory of the Eastern District of Pennsylvania.

5.      Defendants Cedarbrook Plaza, Inc., Nassimi Realty and John Does 1-2

---

[1] The correct legal name for Nassimi Realty is unknown.

1

(hereinafter "The Cedarbrook Defendants" were – at all relevant times – acting individually and/or through their employees, servants, contractors, agents, workmen, assigns and/or individuals with actual and/or apparent authority and are accordingly sued in their individual capacities as well as under theories of *respondeat superior*, agency and/or vicarious liability.

6.      Defendants John Doe 3 and John Doe 4 are an unknown individuals who on information and belief worked for the Cedarbrook Defendants as a security guard or security professional at the Cedarbrook Plaza.

7.      Defendant Christian Dubosh (hereinafter "Police Officer Dubosh") is an adult individual who was at all relevant times acting under color of law as a police officer for Cheltenham Township, Pennsylvania.

8.      John Does 5-10 are unknown members of the Cheltenham Township Police Department who participated in the events discussed below.

9.      All relevant facts and occurrences took place in the Eastern District of Pennsylvania.

10.     One or more of the causes of action plead below arise under the Constitution or Laws of the United States of America.

**<u>Facts</u>**

11.     Plaintiff reincorporates all preceding paragraphs.

12.     The occurrences at issue in this Complaint occurred on July 9, 2026 at the Cedarbrook Plaza Shopping Center.

13.     On that date, Mr. Harris was working providing roadside assistance to motorists in need.

14.     Mr. Harris was called to the parking lot of the Cedarbrook Plaza Shopping Center

2

to assist an individual whose car would not start, a task within the scope of services he offered to the public.

15.    While in the process of jumping the battery of the customer's car, Harris was approached by John Doe 3.

16.    John Doe 3 purported to tell Harris that he was not permitted to park in the area near the car that he was servicing.

17.    John Doe 4 also approached and made off color remarks to and in fact threatened Mr. Harris and one of his employees.

18.    On information and belief, John Doe 3, John Doe 4 and/or employee(s), servant(s) contractor(s), agent(s), workman/men, assign(s) and/or individual(s) with actual and/or apparent authority of the Cedarbrook Defendants and/or individual(s) with actual and/or apparent authority to act on behalf of the Cedarbrook Defendants called police and falsely reported that Mr. Harris was engaged in criminal activity.

19.    Several minutes later Defendant Police Officer Dobush and/or John Does 5-10 responded to the Cedarbrook Plaza Parking shopping center parking lot.

20.    Defendant Police Officer Dobush and/or John Does 5-10 approached Mr. Harris and aggressively placed Mr. Harris into handcuffs, injuring his shoulder in the process.

21.    Defendant Police Officer Dobush and/or John Does 5-10 destroyed some of Mr. Harris' property.

22.    Mr. Harris was held against his will for approximately 30 minutes in the bac of a police vehicle during which time he was verbally mistreated and demeaned.

23.    Ultimately, the Cheltenham defendants released Mr. Harris although they did not compensate him for the property that they damaged.

24. Mr. Harris left the area in his vehicle.

25. Thereafter, for a period of weeks, Mr. Harris was stalked at his home, place of business and other locations by John Doe 3 who was driving a distinctive gold SUV.

26. Said stalking continued even after Defendants were placed on notice of the events of July 9, 2024 which are at issue in the complaint.

**Count I: 42 U.S.C. § 1983**
**Fourth Amendment, Excessive Force**
<u>**Shannon Harris v. Officer Dobush, John Does 5-10**</u>

27. Plaintiff reincorporates all preceding paragraphs.

28. Defendants Officer Dobush and John Does 5-10 (hereinafter "Cheltenham Defendants") seized Mr. Harris within the meaning of the Fourth Amendment while he was inside of the Cedarbrook Plaza Shopping Center parking lot.

29. The Cheltenham Defendants used excessive force in their dealings with Mr. Harris on July 9, 2024 rendering the seizure unreasonable within the meaning of the Fourth Amendment.

30. Among other things, the seizure occurred in the absence of reasonable suspicion and/or probable cause that Mr. Harris was armed and dangerous or involved in the commission of a crime.

31. Moreover, the Cheltenham defendants had no reason to believe otherwise.

32. The use of force was not warranted because Mr. Harris was not armed, was not engaged in any criminal activity, was not menacing or otherwise threatening to use violence and was simply working on a car at the request of the car's owner.

33. Moreover, and to the extent a seizure was warranted, the seizure was unreasonably effectuated insofar as one or more of the Cheltenham defendants grabbed Mr.

Harris, twisted and/or contorted his arms causing a shoulder injury and forced him inside of a police car where he was held for approximately a half hour.

34.     At no time was Mr. Harris resisting the police and said force was far more than necessary under the circumstances.

35.     It is further asserted that the decision to intentionally destroy Mr. Harris' property rendered the police encounter unreasonable in violation of the Fourth Amendment.

36.     Specifically, it is asserted that an unreasonable amount of force was used to restrain Mr. Harris, to place Mr. Harris inside of the vehicle and in the destruction of Mr. Harris' property.

**WHEREFORE**, Plaintiff Shannon Harris demands judgment against Defendant Police Officer Dobush and John Does 5-10 for compensatory damages, punitive damages and any other amount recoverable under the law.

### Count II: 42 U.S.C. § 1983
### Fourth Amendment, False Imprisonment
### Shannon Harris v. Officer Dobush, John Does 5-10

37.     Plaintiff reincorporates all preceding paragraphs.

38.     On July 9, 2024, the Cheltenham Defendants detained Mr. Harris.

39.     Said detention was unlawful and in violation of the Fourth Amendment as the Cheltenham defendants had neither reasonable suspicion nor probable cause that Mr. Harris was engaged or had engaged in criminal activity or that he was an armed and dangerous individual.

**WHEREFORE**, Plaintiff Shannon Harris demands judgment against Defendant Police Officer Dobush and John Does 5-10 for compensatory damages, punitive damages and any other amount recoverable under the law.

**Count III: Restatement (Second) Torts § 35**
**False Imprisonment**
**Shannon Harris v. Cedarbrook Plaza, Inc., Nassimi Realty and John Does 1-4**

40.    Plaintiff reincorporates all preceding paragraphs.

41.    On July 9, 2024, John Doe 3, John Doe 4 and/or another individual made one or more phone calls relaying false information to law enforcement about Plaintiff Shannon Harris.

42.    On information and belief, this information was partially false and included an allegation that Mr. Harris was either committing a crime, was armed, dangerous and/or was menacing or threatening people possibly with a firearm.

43.    Mr. Harris did not commit any criminal act, was not armed, was not dangerous and was not menacing or threatening anyone.

44.    Nor was Mr. Harris doing anything wrong; he was called to the parking lot to assist a patron with car trouble and was in fact assisting that individual when these events occurred.

45.    Said conduct was done with malice.

46.    The caller or callers were acting as employees, servants, contractors, agents, workmen, assigns and/or individuals with actual and/or apparent authority.

47.    Said conduct was at least in part within the course and scope of the individuals' duties and was motivated at least in part by a desire to further the interests of Cedarbrook Plaza Inc., Nassimi Realty and John Does 1-2 because the individuals were serving the interest of the master(s) at the time, were tasked with providing security services, were privileged to speak to and investigate individuals on the premises, were both privileged and obligated to call police in the event that someone was on the premises without permission or was acting in a fashion that they deemed unacceptable or in violation of the relevant policies and procedures in place at the

6

parking lot.

48.    Moreover, the Cedarbrook Defendants were at all relevant times acting as principals over these individuals.

49.    The Cedarbrook Defendants also ratified the conduct when they continued to employ John Doe 3 and John Doe 4 notwithstanding their conduct on the day in question and John Doe 3's repeated stalking of Mr. Harris which occurred after Defendants were placed on notice of the events of July 9, 2024.

50.    As a result of the above conduct, Mr. Harris was in fact stopped by police, injured and detained for a period of time.

51.    In addition, his property was destroyed.

52.    All of this was as a direct and proximate result of the conduct of John Doe 3, John Doe 4 and any other employees, servants contractors, agents, workmen, assigns and/or individuals with actual and/or apparent authority who made the phone call, participated in the phone call, provided false information to police or otherwise caused Mr. Harris to be wrongfully detained by law enforcement on July 9, 2024.

53.    In addition to sustaining a deprivation of his personal liberty and freedom, physical injuries and property damage, Mr. Harris was humiliated and embarrassed by these events and continues to be bothered by the way that he was treated.

**WHEREFORE**, Plaintiff Shannon Harris demands judgment against Defendants Cedarbrook Plaza, Inc., Nassimi Realty and John Does 1-4 for compensatory damages, punitive damages and any other amount recoverable under the law, said sum being not less than $150,000.00.

**Count IV: Negligence/Negligent Hiring, Training Retention and/or Supervision**
**Shannon Harris v. Cedarbrook Plaza, Inc., Nassimi Realty and John Does 1-2**

54.     Plaintiff reincorporates all preceding paragraphs.

55.     It is respectfully submitted Defendants Cedarbrook Plaza Inc., Nassimi Realty and John Does 1-2 negligently hired, retained, and/or supervised one or more employees, servants contractors, agents, workmen, assigns and/or individuals with actual and/or apparent authority.

56.     Defendants knowingly or carelessly employed, retained or otherwise continued to work with incompetent, careless, or dangerous employees, servants contractors, agents, workmen, assigns and/or individuals with actual and/or apparent authority.

57.     Said employees, servants, contractors, agents, workmen, assigns and/or individuals with actual and/or apparent authority committed an intentional tort, to wit, false imprisonment, that fell outside the scope of their employment, duties and/or obligations.

58.     On July 9, 2024, the employees, servants, contractors, agents, workmen, assigns and/or individuals with actual and/or apparent authority were upon the premises in possession of the Defendants and were privileged to enter only as employees, servants, contractors, agents, workmen, assigns and/or individuals with actual and/or apparent authority.

59.     Defendants knew or had reason to know that they had the ability to control the employees, servants contractors, agents, workmen, assigns and/or individuals with actual and/or apparent authority and knew or should know of the necessity and opportunity for exercising such control.

60.     They also knew of the risk that an injury of the general type sustained by Mr. Harris was likely to be caused by these individuals and did nothing to prevent or address it.

61.     Mr. Harris was injured as described above due to the negligence of Cedarbrook Plaza Inc, Nassimi Realty and John Does 1-2 insofar as they failed to hire, train and retrain

8

employees, servants, contractors, agents, workmen, assigns and/or individuals with actual and/or apparent authority reasonably.

62. The defendants ratified the conduct of their employees, servants, contractors, agents, workmen, assigns and/or individuals with actual and/or apparent authority after the fact.

**WHEREFORE**, Plaintiff Shannon Harris demands judgment against Defendants Cedarbrook Plaza, Inc., Nassimi Realty and John Does 1-2 for compensatory damages, punitive damages and any other amount recoverable under the law, said sum being not less than $150,000.00.

Respectfully submitted:

*Jason Javie*

**JASON JAVIE**
**Attorney for Sharon Harris**
**Pennsylvania I.D. No. 309840**
Two Penn Center, Suite 900
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19102
(215) 563-7642
(215) 563-9145 (Fax)
jason@javielaw.com